## Hazel Springs Collieries Co., Inc., v. Coxe Brothers & Company, Inc.

*Leroy Long*, for plaintiff.
*James J. Costello*, for defendant.

PINOLA, J., for court en banc, March 16, 1948.—
Plaintiff, Hazle Springs Collieries Co., Inc., filed a petition for an order to show cause why defendant, Coxe Brothers & Company, Inc., should not, in accordance with the fifth paragraph of a coal lease, proceed with arbitration following the required notice given to defendant by plaintiff in a letter dated November 13, 1947.

Plaintiff avers that defendant has failed and refused to name an arbitrator.

The lease, copy of which is attached to the answer, provides in the fifth paragraph for arbitration in accordance with the Arbitration Act of April 25, 1927, P. L. 381, and any rules of court adopted by the Courts of Common Pleas of Philadelphia County.

Defendant in its answer contends that plaintiff is not a corporation, and that appropriate proceedings have been instituted in the name of the Commonwealth in our court to strike down the alleged corporation, and therefore, it cannot legally be required to proceed with the arbitration.

This is a collateral attack upon the existence of a corporation or its right to exercise its corporate franchises, and, under the cases, prior to the adoption of the Business Corporation Law of May 5, 1933, P. L. 364, such collateral attack was denied where (a) there was a real attempt to incorporate, and (b) the corporation was one that was formable under the statute. The Business Corporation Law has changed all this.

Under the provisions of article II, section 207 (15 PS §2852-207) :

"Upon the issuance of the certificate of incorporation by the Department of State, the corporate existence shall begin. . . . The certificate of incorporation shall be conclusive evidence of the fact that the corporation has been incorporated, . . ."

This section goes further than the case law in denying collateral attack upon the legality of incorporation. It makes the certificate of incorporation conclusive in all cases.

Therefore, we enter the following

*Order*

Rule heretofore granted requiring defendant to show cause why it should not proceed with arbitration as provided in the agreement between plaintiff and defendant, dated March 8, 1945, is made absolute.